HENRIETTA McCALL, Gr., etc., vs. JOHN McCALL & others.

October Term, 1873.

CONSTRUCTION—DEED TO A WOMAN AND HER FAMILY.—Under a deed of con-
veyance to a woman "for the separate use and enjoyment of her and her
family," her children are entitled to a share or benefit so long as they remain
at home constituting part of the family.

SALE OF SUCH PROPERTY.—Property so held may be sold under the provisions
of the Code, § 3.324 et seq., upon a proper case being made.

SAME—The proceeds of sale, and any property in which they are re-invested,
must be held subject to the terms of the settlement, and to the same rules of
descent and distribution as the property sold.

*T. M. Steger,* for complainants.

*H. E. Jones,* for defendants.

THE CHANCELLOR :—This petition, as amended, is filed by
Henrietta McCall in her own right, and as guardian of her
children, the defendants, all of whom are infants, against
her said children, to have certain real estate sold, and the
proceeds more profitably re-invested, as being manifestly for
their interest, and necessary for their maintenance, educa-
tion, and support. The case has been regularly prepared,
upon the suggestions made in the last preceding opinion,
under the provisions of the Code, § 3,323 et seq., for the
sale of the property of persons under disability. The prop-
erty was conveyed by John Sigler, the father of complainant,
to Thomas A. McCall in trust for the grantor for life, and
after his death to convey the same, in the events which have
happened, to his two daughters, one of whom was the com-
plainant, equally share and share alike, "and the said prop-
erty when conveyed to my said daughters is to be held for
the separate use and enjoyment of them and their families,
and free from the debts and liabilities of their husbands."
The property was, after the death of the father, divided
between the daughters. And it now appears that, on the
18th of August, 1866, the husbands of these daughters filed
a bill in this court against their wives and children for a con-
struction of the deed of John Sigler, and a sale of the prop-
erty, or some of it, as manifestly for the interest of the

defendants. Such proceedings were had in that cause that a decree was rendered by the Honorable David Campbell, the Chancellor, construing the deed of Sigler, and ordering a sale of some of the property as prayed. The decision was that the daughters, "under the deed of John Sigler, take the property mentioned therein for their sole and separate use, and their children have thereunder a right to a support out of the same, as members of their respective families, and so long as they remain at home constituting part of the family." This decree is, perhaps, conclusive upon the parties, all of whom then in being and interested, being before the court, and no appeal having ever been taken. The decision itself is in accord with my own impressions given in the last preceding case, and with the rulings of our Supreme Court upon similar language. *Harris* v. *Alderson*, 4 Sneed, 250, and *Moore* v. *Simmons*, 2 Head, 546.

No sale seems to have been made under the decree, and the husband of the complainant has since died. The present bill, although framed in ignorance of the previous case, may be treated, with a slight amendment, as a bill to execute the former decree, and an original bill for an extension of the relief therein granted. Story Eq. Pl., § 432.

It is obvious, I think, from the construction put upon the deed of Sigler, that the legal title to the land is in the complainant, the defendants being only entitled to a support so long as they severally remain members of the family. It is probable, therefore, that Mrs. McCall, who is now a widow, has the power of sale without the aid of this court. But the doubt which always exists in such cases might deter purchasers, and she is clearly entitled to the aid of this court. I think the evidence makes out a case of manifest necessity for the sale of some portion of the property to pay taxes and support the family, and a clear case of interest in her and her children to have the whole, or the greater part of the unproductive lands sold and re-invested in some more profitable form. It would not be advisable, however, to throw all, or even the half of the land on the market at

once. The advice given by a witness contains the most judicious suggestion, namely, to sell alternate lots, or lots scattered about through the property so as to invite improvement, and enhance the value of the residue.

The decree will expressly provide that the proceeds of sale, and any property in which they may be vested, shall be held subject to the terms of the deed of Sigler, and subject also to the same rules of descent and distribution as the property sold. Code, § 3,338; *East Tenn. & Va. R. R. Co.* v. *Love*, 3 Head, 63.